UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON FELLOWS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-01862-TWP-KMB |
| | ) |
| PRETORIUS, Warden | ) |
| | ) |
| Respondent. | ) |

### ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING PARTIES TO EXPAND THE RECORD

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by *pro se* Petitioner Aaron Fellows ("Mr. Fellows") (Dkt. 1). Mr. Fellows challenges his conviction and sanctions in prison disciplinary case No. IYC 22-02-0137, in which he was found guilty of violating offense A-121, possession of cellular device, that resulted in a written reprimand, a 45-day loss of commissary privileges, a 180-day assignment to disciplinary restrictive housing, a credit class demotion, and a 180-day loss of earned credit time. *Id*. The Petition was dismissed without prejudice on February 10, 2023, after Mr. Fellows failed to pay his filing fee, (Dkt. 18), but later after Mr. Fellows paid the fee, the case was reopened (Dkt. 26). Having examined the record, the Court determines that further proceedings are necessary because the current record leaves material factual disputes over what evidence Mr. Fellows requested before or during his disciplinary hearing and whether it was material or exculpatory. For the reasons explained in this Entry, the Court directs Mr. Fellows to respond to certain questions and the Respondent to reply.

### I. OVERVIEW

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,*

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours' advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.  FACTS

According to Officer Salami's Report of Conduct, during a targeted search of the M-Unit, Sergeant Coonfield ordered Mr. Fellows to step out of his cell. (Dkt.16-1.) Mr. Fellows did so, but disobeyed other orders and began moving toward another cell. *Id.* Officer Salami observed Mr. Fellows throw a black cell phone into the other cell. *Id.* Officer Salami instructed inmate Levi Yeager ("Mr. Yeager") to exit the cell, searched it, and found the cell phone under the toilet/sink. *Id.*

In his sworn Petition, Mr. Fellows contends that he requested video of this incident, and the hearing officer told him that no video was available because of an error in the camera system. (Dkt. 1 at 3.) However, when Mr. Fellows asked Deputy Warden Hartzell about this alleged camera system problem, he was told that no issue had occurred. *Id.* Mr. Fellows further contends that he was wrongly denied testimony from Mr. Yeager. He requested Mr. Yeager as a witness, but "DHO crossed out Yeager …and told Fellows that he was no longer at the facility." *Id*. at 3.

In their Return to Order to Show Cause, the Respondent presents a Report of Disciplinary Hearing Video Evidence Review document which states "[d]ue to technical issues with the camera system, there was no video footage available of the incident." (Dkt. 16-10). Respondent also

presents the affidavit of former screening officer Lacey Hunter, who states that Mr. Fellows initially requested Offender Levi Yeager as a witness but changed his mind (Dkt. 16-7).

### III. ANALYSIS

"[W]hen a prisoner who seeks a writ of habeas corpus provides competent evidence . . . contradicting an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional law, the district court must hold an evidentiary hearing to determine where the truth lies." *Johnson v. Finnan*, 467 F.3d 693, 694 (7th Cir. 2006). Mr. Fellows and the Respondent present competent but conflicting evidence on the questions of what evidence Mr. Fellows requested, when he requested it, and whether it was material or exculpatory. Accordingly, the Court cannot resolve Mr. Fellows' Petition on the current evidentiary record.

Due process affords an inmate a limited right to present "evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. But due process is not violated unless the inmate is deprived of an opportunity to present *material*, *exculpatory* evidence. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011), and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). Due process is not violated if the prison staff fails to provide evidence that the inmate did not request before or during the hearing. *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002) ("We agree that if Piggie failed to make such a request either before or at the hearing, then the CAB could not have denied him due process by not considering the request."). As the petitioner, it is Mr. Fellows' burden to establish that any evidence he was denied was material and exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Further, "[p]rison

administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017).

Mr. Fellows has presented evidence that he requested potentially material, exculpatory evidence, and that his requests were not honored. The Respondent has presented evidence that the video was not available, but Mr. Fellows has presented contradictory evidence that he was told that no error occurred in the camera system. The Respondent also contends that Mr. Fellows changed his mind about having the Mr. Yeager as a witness, but Mr. Fellows maintains that he was told this inmate could not be located.

## IV. **EXPANDING THE RECORD**

"If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials," including affidavits, "documents, exhibits, and answers under oath to written interrogatories propounded by the judge." Rules Governing § 2254 Cases, Rule 7(a)–(b). For the reasons noted in Part III, material factual disputes preclude the Court from resolving Mr. Fellows' Petition on the current record. To ensure that an evidentiary hearing is necessary—and, if necessary, then conducted efficiently—the Court directs the parties to expand the record.

Mr. Fellows will have **through Friday, May 24, 2024**, to file answers to the following questions:

1) What did Mr. Fellows ask Deputy Warden Hartzell about the issues with the camera system?
    a. How did he present his request (*i.e.*, orally or in writing)?
    b. What specifically did Deputy Warden Hartzell say?
2) What specifically does Mr. Fellows contend the video would have shown?
3) What specifically does Mr. Fellows contend Mr. Yeager would have said if he had been made a witness?

4

Mr. Fellows must verify his answers under penalty of perjury. Any affidavit must be signed and dated and include a certification with language such as: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct." *See* 28 U.S.C. § 1746.

The Respondent will have **fourteen (14) days** following the filing of Mr. Fellows' answers to file any objections or contrary evidence. If the Respondent files contrary evidence, Mr. Fellows will have **fourteen (14) days** to file any objections.

### V.  SUMMARY

For the reasons explained above, Mr. Fellows will have **through Friday, May 24, 2024**, to file an **Affidavit under penalties of perjury** with answers to the Court's questions in paragraph IV of this Entry. The Respondent will have **fourteen (14) days** following the filing of Mr. Fellows' answers to respond, and Mr. Fellows will have **fourteen (14) days** to reply.

The **Clerk shall amend** the docket to reflect Mr. Fellows' address as reflected in the Distribution of this Order.

**SO ORDERED.**

Date: 5/1/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Aaron Fellows, #212848
New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, Indiana  47362

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL's OFFICE
natalie.weiss@atg.in.gov